DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BRADLEY DORMAN,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2025-2394

[July 1, 2026]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Martin Samuel Fein, Judge; L.T. Case No. 062015CF014344A88810.

Bradley Dorman, Indiantown, pro se.

James Uthmeier, Attorney General, Tallahassee, and Melynda L. Melear, Senior Assistant Attorney General, West Palm Beach, for appellee.

***ON CONFESSION OF ERROR***

PER CURIAM.

Appellant Bradley Dorman appeals a trial court order denying his motion for return of property after being convicted of first-degree murder. These items, which included money, were seized from Appellant at the time of his arrest for use as evidence at trial. The trial court summarily denied the motion by adopting the State's response, but without attaching portions of the record or holding an evidentiary hearing. We reverse and remand for an evidentiary hearing for the reasons set forth below.

The standard of review of an order summarily denying a motion for return of property is de novo. *Peterson v. State*, 249 So. 3d 1264, 1265 (Fla. 5th DCA 2018) (first citing *Sanchez v. State*, 174 So. 3d 439, 442 (Fla. 4th DCA 2015); and then citing *Lebron v. State*, 100 So. 3d 132, 133 (Fla. 5th DCA 2012)). Appellate courts treat the denial of a motion for return of property similar to the denial of a postconviction motion. *Burch v. State*, 194 So. 3d 1089, 1090 (Fla. 4th DCA 2016) (quoting *Sanchez*, 174 So. 3d at 442).

A motion for the return of property must be filed within sixty days after the conclusion of the proceeding for which the property was seized. § 705.105(1), Fla. Stat. (2024); *see also Wilkins v. State,* 182 So. 3d 843, 843 (Fla. 4th DCA 2016). "A criminal proceeding is concluded when, *inter alia,* the mandate issues from the appellate court on a direct appeal of a defendant's judgment and sentence." *Ali v. State*, 215 So. 3d 1250, 1251 (Fla. 4th DCA 2017) (citation modified); *see also Montero v. State,* 406 So. 3d 286, 288 (Fla. 3d DCA 2025).

Upon the motion being timely filed, the trial court must determine if the motion is facially sufficient. *Peterson*, 249 So. 3d at 1265 (citing *Wilson v. State,* 957 So. 2d 1264, 1265 (Fla. 2d DCA 2007)). A facially sufficient motion for return of property must: (1) specifically describe the property; (2) allege that the property belongs to the defendant; (3) allege that the property is not the fruit of criminal activity; and (4) allege that the property is not being held as evidence. *Sanchez,* 174 So. 3d at 442 (citing *West v. State*, 35 So. 3d 175, 176 (Fla. 2d DCA 2010)).

If the motion is facially sufficient, the trial court must either "attach portions of the record conclusively refuting the claim" or hold an evidentiary hearing before summarily denying the motion. *Peterson*, 249 So. 3d at 1265 (citing *Juste v. State,* 101 So. 3d 379, 380 (Fla. 3d DCA 2012)); *Ooms v. State,* 138 So. 3d 565 (Fla. 1st DCA 2014).

Here, the State properly concedes error. Appellant timely moved for return of property within sixty days of us affirming his conviction. He met the pleading requirements for return of the property because his motion alleged each of the four elements as set forth in *Sanchez.* 174 So. 3d at 442.

The trial court further erred when it summarily denied the motion without either attaching portions of the record refuting Appellant's claim or holding an evidentiary hearing. *See Peterson*, 249 So. 3d at 1265; *Juste*, 101 So. 3d at 380; *Ooms*, 138 So. 3d at 565. Therefore, we reverse and remand for the trial court to either (1) attach portions of the record refuting the claim, or (2) hold an evidentiary hearing on Appellant's motion.

*Reversed and remanded.*

KLINGENSMITH, SHEPHERD and LOTT, JJ., concur.

\*      \*      \*

**Not final until disposition of timely-filed motion for rehearing.**